**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NORMA ESPERANZA DIAZ and JUANA RAMOS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 16-CV-07952<br>)<br>) Judge John J. Tharp, Jr. |
| E&K CLEANERS, INC. and KRZYSZTOF KRZYSZOWICZ, | )<br>)<br>) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Norma Esperanza Diaz and Juana Ramos worked as cleaners for defendant E&K Cleaners, Inc., whose day-to-day operations were run by defendant Krzysztof Krzyszowicz. Diaz was employed at E&K from 2011 until June 15, 2016, while Ramos worked at E&K from June 17, 2014 to April 28, 2016. Second Amended Complaint (SAC) ¶ 16-18.[1] Including travel time between the locations they cleaned, Diaz and Ramos worked between 60 and 72 hours each week. SAC ¶ 23. Defendants told Diaz that she would be paid $12 per hour for her work. Regardless of the number of hours she worked, however, Diaz was paid approximately $800 hours bi-weekly. SAC ¶ 25. Ramos was paid $8.25 for all hours worked, including the hours over 40 each week. SAC ¶ 26. Neither Diaz nor Ramos was compensated for the time they spent traveling between work locations. SAC ¶ 21.

Diaz and Ramos filed suit against E&K and Krzyszowicz, alleging that defendants failed to pay them 1.5 times their regular hourly rate when they worked more than 40 hours in a week, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, and the Illinois Minimum

---

[1] As this is a motion to dismiss, the Court accepts all well-pleaded facts as true and construes all inferences in favor of the plaintiff. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634 (7th Cir. 2012).

Wage Law (IMWL), 820 ILCS 105/4a. Diaz and Ramos further alleged that defendants violated FLSA by failing to pay them for travel time; the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/4, by failing to pay them pursuant to the terms of their wage agreements; and the Chicago Minimum Wage Ordinance, Chicago, Ill. Municipal Code § 1-24-020, for failure to pay them Chicago's minimum wage. Diaz also alleges she was paid under the federal and state minimum wages, in violation of FLSA, 29 U.S.C. § 206, and IMWL, 820 ILCS 105/4. Defendants now move to dismiss plaintiffs' Second Amended Complaint.

## DISCUSSION

### I. FLSA and IMWL Overtime and Minimum Wage

Defendants argue that the SAC fails to state FLSA and IMWL overtime claims for Diaz and Ramos, and FLSA and IMWL minimum wage claims for Diaz, because it speaks only in generalities and does not identify any particular week in which the plaintiffs worked more than 40 hours but were not paid time and a half wages, or any particular week in which Diaz was paid under the state and federal minimum wages. This argument is without merit. There is no requirement that a FLSA plaintiff identify, by date, the specific weeks in which she was undercompensated; it is enough to allege that there was in fact at least one such week. "[T]here is no rule of law that requires plaintiffs to allege their hourly wage, the dates on which the alleged violations took place, or the specific tasks they performed off the clock." *Guon v. John Q. Cook, M.D. LLC*, No. 16 C 3840, 2016 WL 6524948, at *3 (N.D. Ill. Nov. 3, 2016) (quoting *Victoria v. Alex Car, Inc.*, 2012 WL 1068759, at *5 (N.D. Ill. Mar. 29, 2012); *see also id*. (citing cases).

The cases relied on by the defendants do not support dismissal of the SAC in this case. In support of their position, defendants point to numerous decisions from other circuits requiring FLSA plaintiffs to identify specific workweeks in which they were underpaid. *Landers v. Quality Comms., Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), for example, does not require identification of a

specific week, or weeks, by date; rather, it requires only that the plaintiff "allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." Similarly, in *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89-90 (2d Cir. 2013), the Second Circuit rejected as insufficiently specific allegations that a plaintiff had worked overtime in "some or all" weeks, but in this case the allegations of the SAC are more specific, expressly alleging that the plaintiffs worked 60-72 hours every week. *See also, e.g., Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (allegation that plaintiff "regularly" worked overtime held to be too generic). These cases stand for the proposition that the "requirement that plaintiffs must allege overtime without compensation in a given workweek" is "not an invitation to provide an all-purpose pleading template alleging overtime in some or all workweeks," *DeJesus*, 726 F.3d at 90, but that does not describe the allegations in this case.

Here, the plaintiffs have adequately pled their FLSA and IMWL overtime claims. Indeed, the plaintiffs here have pled substantially more than the plaintiff in *Guon*, who alleged only that she frequently worked more than 40 hours a week and was not paid overtime. *Guon*, 2016 WL 6524948, at *1. Diaz and Ramos, by contrast, have identified their hourly and/or bi-weekly wages, specified that they worked 60-72 hours each week, and alleged that their hourly rate of pay and/or bi-weekly payment was the same no matter how many hours they worked. With regard to Diaz's minimum wage claims, even if it is assumed that she worked 60 hours each week—the low end of the SAC's allegations—her weekly wages were $6.67, below both the state and federal minimum wages. "Defendants do not require any other information to begin to defend against [plaintiffs'] claims." *Id.* at *3. Defendants' motion to dismiss is therefore denied with regard to plaintiffs' FLSA and IMWL overtime counts and Diaz's minimum wage counts.

## II. Payment for Travel Time

Defendants next move to dismiss count five of the SAC, which alleges that the defendants violated FLSA by failing to pay Ramos and Diaz for time spent traveling from worksite to worksite. Defendants do not argue that plaintiffs were not entitled to pay for their travel time. Instead, defendants maintain that the SAC contains conflicting allegations with regard to time the plaintiffs spent in transit. There is, however, a more fundamental problem with plaintiffs' so-called "portal-to-portal" claim: the FLSA does not provide a free-standing claim for uncompensated work; it merely requires employers to pay employees a minimum wage for all compensable hours and to pay extra compensation for overtime hours. In determining whether an employee was paid above the minimum wage, "courts uniformly calculate the hourly wage over the course of a workweek—*i.e.*, dividing the total compensation an employee received in a workweek by the compensable hours worked." *Hirst v. Skywest, Inc.*, No. 15 C 02036, 2016 WL 2986978, at *5 (N.D. Ill. May 24, 2016) (collecting cases). Courts do not conduct an hour-by-hour analysis to determine whether an employee was properly compensated, so it is of no moment whether defendants subjectively believed that they were paying plaintiffs for travel time, *vel non*. Plaintiffs' hours spent traveling from worksite to worksite—which likely constitute compensable time under FLSA, *see* 29 C.F.R. § 785.38 ("Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked.")—are only relevant inasmuch as (1) they should be included in calculating the total number of compensable hours worked each week for purposes of determining whether plaintiffs were paid the federal minimum wage, and (2) they should be included in determining whether and to what extent the plaintiffs were entitled to overtime pay.

Count five will therefore be dismissed with prejudice, to the extent plaintiffs are pursuing a cause of action independent of their FLSA minimum wage and overtime claims.

## III.  IWPCA

Next, defendants argue that plaintiffs have not adequately pled IWPCA claims because they have not alleged the existence of an employment agreement between themselves and E&K. IWPCA does not create any independent rights with regard to employment; instead, it provides "a cause of action based on wrongfully held compensation pursuant to a contract of agreement." *Enger v. Chicago Carriage Cab Co.*, 77 F. Supp. 3d 712, 715 (N.D. Ill. 2014). "Plaintiffs suing under the IWPCA must allege that compensation is due to them under an employment 'contract or agreement.'" *Id*. at 716. An 'agreement' under the IWPCA is broader than a contract and requires only a manifestation of mutual assent. *See Hess v. Hanoski & Assocs.*, 668 F.3d 446, 452 (7th Cir. 2012).

Defendants are correct that Ramos has not alleged the existence of an employment agreement between her and E&K. The SAC contains no facts supporting an inference that Ramos was promised anything with regard to her wages; it merely notes that Ramos was paid $8.25 for all hours worked. To the extent the complaint notes that Ramos "had an agreement within the meaning of the IWPCA" with the defendants and that defendants "did not pay [Ramos] . . . for all hours worked at the rates agreed to," SAC ¶¶ 62-63, those allegations constitute a formulaic recitation of the elements of an IWPCA claim insufficient to survive a motion to dismiss.

By contrast, the SAC alleges that when Diaz began working at E&K, defendants told her that she would be paid $12 per hour. Diaz then proceeded to work for E&K. This is sufficient to plead mutual assent to an agreement that Diaz be paid $12 per hour for her work. *See, e.g.,*

5

*Deschepper v. Midwest Wine and Spirits, Inc.*, 84 F. Supp. 3d 767, 779 (N.D. Ill. 2015) (holding that pleading the existence of a "compensation agreement—hybrid salary and commission heavily weighted toward salary, recently changed to less salary with a purported opportunity for greater commissions" adequately stated an IWPCA agreement); *Zabinsky v. Gelber Grp., Inc.*, 374 Ill. App. 3d 243, 248-49, 807 N.E.2d 666, 670-71 (Ill. App. Ct. 2004) (holding that evidence of an oral promise is sufficient to support a finding of mutual assent under the IWPCA). Defendants argue, befuddlingly, that the fact that Diaz worked for E&K but was never paid $12 per hour suggests that there was no agreement between the parties. In defendants' world, then, a plaintiff whose employer immediately violated an employment agreement could *never* plead an IWPCA violation, because the alleged breach of a promise would simply indicate that no promise was made to begin with. It is possible that, at some point, Diaz's acquiescence to her rate of pay constituted acceptance of a modification of her employment agreement. *See Ziccarelli v. Phillips*, No. 12 CV 9602, 2013 WL 5387864, at *13 (N.D. Ill. Sept. 25, 2013). But this is a fact-bound question ill-suited for resolution on a motion to dismiss and, more importantly, defendants have not argued that the terms of Diaz's agreement were modified; they argue only that they never assented to begin with. Consequently, Ramos's IWPCA claim is dismissed without prejudice, but Diaz's may stand as pleaded.

**IV.  Chicago Minimum Wage Ordinance**

Defendants next argue that plaintiffs have not stated a claim under the Chicago Minimum Wage Ordinance because the SAC contains no allegations that they performed work in the city of Chicago. The ordinance applies to employees "who, in any particular two-week period, performs at least two hours of work for an Employer while physically present within the geographic boundaries of the City [of Chicago]." Chicago, Ill. Municipal Code § 1-24-010. The

complaint notes only that plaintiffs were employed in Cook County, which, of course, contains dozens of municipalities in addition to Chicago. Absent an allegation that plaintiffs worked at least two hours in Chicago over a two week period, their Chicago Minimum Wage Ordinance claims must be dismissed.

## V. Statute of Limitations

Finally, defendants argue that any FLSA claims dating back over two years from the date plaintiffs filed suit should be dismissed under FLSA's statute of limitations. Plaintiffs must typically bring FLSA claims within two years of accrual, but may bring causes of action arising from willful violations of the statute within three years. 29 U.S.C. § 255(a). Defendants maintain that the SAC contains only bare allegations of willfulness with no factual support, and therefore assert that the two year—and not the three year—FLSA statute of limitations applies. The problem with defendants' argument is that the statute of limitations is typically an affirmative defense that the plaintiff need not anticipate in the complaint. *See Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014). Although FLSA plaintiffs ultimately bear the burden of proof with regard to willfulness, courts in this district have determined that bare allegations of willfulness are sufficient to stave off statute of limitations challenges at the pleadings stage. *See, e.g., Guon*, 2016 WL 6524948, at *3; *Nava v. Barton Staffing Solutions*, No. 15 C 7350, 2016 WL 3708684, at *2 (N.D. Ill. Jan. 11, 2016) ("Although [plaintiff's] allegations related to willfulness are relatively conclusory, the Court will allow discovery to determine whether the statute of limitations should be extended from two to three years based on willful conduct."); *see also Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2013 WL 5433593, at * (N.D. Ill. Sept. 30, 2013) (holding, in a putative FLSA collective action, that "a conclusory willfulness allegation is sufficient to justify providing notice to the putative class on the basis of the potentially applicable three-year period") (Tharp, J.). This view is sound. Evidence of willfulness is uniquely within the

7

province of defendants, and FLSA plaintiffs are unlikely to be able to state a willfulness claim absent discovery. Consequently, the court rejects defendants' arguments regarding the statute of limitations.

*   *   *

For the foregoing reasons, defendants' motion to dismiss is granted without prejudice as to Ramos and Diaz's Chicago Minimum Wage Ordinance claims and Ramos's IWPCA claim, and with prejudice as to Ramos and Diaz's portal-to-portal claim. The motion to dismiss is denied with regard to Ramos and Diaz's FLSA and IMWL overtime claims, Diaz's FLSA and IMWL minimum wage claims, and Diaz's IWPCA claim.

Dated: January 16, 2018

John J. Tharp, Jr.
United States District Judge